PER CURIAM.
Appellants brought an action under chapter 517 Fla.Stat., F.S.A.[1], declaring election to avoid a stock purchase and seeking to recover money paid for unregistered stock which by an amendment to the complaint was allegedly required to be registered with the Florida Securities Commission. The complaint was dismissed on defendants’ motion, on the ground that a ruling by the commission that the stock was required to be registered was a pre *308 requisite to suit[2]. The condition imposed by the trial court is not found in the language of the statute, nor may it be implied. The statute authorizes suit in court, and the court necessarily may make such rulings on the merits of the matter as are essential to determination of the cause, including whether there has been a violation of chapter 517, Fla.Stat., F.S.A., as alleged. Ap-pellees cite no authorities in support of the dismissal order, but argue it was proper under the doctrine of primary jurisdiction. There was no showing here of applicability or need to resort to that doctrine. See United States v. Western P. R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, 132. Cf. Northeast Airlines, Inc. v. Weiss, Fla.App.1959, 113 So.2d 884. The complaint as amended was sufficient, and the order of dismissal is reversed.
Reversed.

. § 517.07 provides:
“No securities except of a class exempt under any of the provisions of § 517.05 or unless sold in any transaction exempt under any of the provisions of § 517.06 shall be sold within this state unless such securities shall have been registered as hereinafter defined. Registration of stock shall be deemed to include the registration of rights to subscribe to such stock if the notice under § 517.08 or the application under § 517.09 for registration of such stock includes a statement that such rights are to be issued. A record of the registration of securities shall be kept in a register of securities to be kept in the office of the commission, in which register of securities shall also be recorded any orders entered by the commission with respect to such securities. Such register, and all information with respect to the securities registered therein shall be open to public inspection.”
§ 517.21 provides in part:
“Every sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser; and the person making such sale and every director, officer or agent of or for the seller, if the director, officer or agent shall have personally participated or aided in any way in making the sale, shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made, for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney’s fees; * * * ”

. The order of dismissal stated:
“Ordered and Adjudged as follows:

“That the basis for said dismissal is that the plaintiffs’ Bill of Complaint did not state a cause of action, specifically, that the Florida Securities Commission is entrusted with the enforcement of Florida Statute 617, and the Amended Bill of Complaint must contain an allegation that the Florida Securities Commission has ruled that the stock in question is required to be registered.”